vincentsantosplea

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 1 8 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00087 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| VINCENT E. SANTOS, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, VINCENT E. SANTOS, enter into the following plea agreement:

1. The defendant, VINCENT E. SANTOS, agrees to enter a guilty plea to a Superseding Information charging him with Within Special Maritime and Territorial Jurisdiction, in violation of Title 18, United States Code, Sections 7(3) and 661.

2. The defendant understands that the <u>maximum</u> sentence for Within Special Maritime and Territorial Jurisdiction, in violation of 18 U.S.C. § 661, as a Class A misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00, as specified in 18 U.S.C. § 3571, together with any restitution as the court may order, and a $25 special assessment fee as set forth in 18 U.S.C. § 3013 . Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may

incarcerate the Defendant up to an additional term of not more than one year as set forth in 18 U.S.C. § 3583(e)(3). The total $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

3. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Within Special Maritime And Territorial Jurisdiction, in violation of 18 United States Code, Section 661, the government must prove each of the following elements beyond a reasonable doubt:

First, that within a place of special maritime and territorial jurisdiction of the United States,

Second, the defendant did take and carry away, with intent to steal and purloin, the personal property of another,

Third, the value of the property was less than $1000, and

Fourth, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

5. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1963 and is a citizen of the United States.

b. That on or about July 10, 2007, in the District of Guam, the defendant, VINCENT E. SANTOS, at a place within the special maritime and territorial jurisdiction of the United States, namely U.S. Naval Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did take and carry away, with intent to steal and purloin, the

personal property of another, namely Copper Magnet Wire. That the property that the defendant, VINCENT E. SANTOS, did take and carry, with intent to steal and purloin, belonged to Guam Shipyard. That the value of the property the defendant, VINCENT E. SANTOS, did take and carry, with intent to steal and purloin, was of the value of $494.00. That the copper magnet wire stolen was taken to Xiong's Family Recycling Incorporated located in Harmon, Guam. That $200.00 of the theft's proceeds went to the defendant, VINCENT E. SANTOS. That $200.00 of the theft's proceeds went to Henry S.A. Mendiola Jr.. That $94.00 of the theft's proceeds went for gasoline for the defendant's truck and groceries for the shop where the defendant worked.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to be joint and severally liable for restitution to all identifiable victims in accordance with the law.

8. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

9. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into his plea agreement, he waives, that is, gives

- 3 -

Case 1:07-cr-00087 Document 14 Filed 10/18/2007 Page 3 of 4

up, the right to a trial;

  e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

  f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

  g. That he reads, writes and speaks the English language and has no need for an interpreter;

  h. That he has read the plea agreement and understands it; and

  i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 10/9/07

VINCENT E. SANTOS
Defendant

DATED: 10/9/07

JOAQUIN C. ARRIOLA JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/15/07    By:

RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 10/15/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 4 -

Case 1:07-cr-00087   Document 14   Filed 10/18/2007   Page 4 of 4